UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANCIS KEUTCHA TCHOUATEU,

               Petitioner,

- vs -                                  **DECISION AND ORDER**
                                               02-CV-6375
IMMIGRATION AND NATURALIZATION
SERVICE,

               Respondent.
_____

        On July 11, 2002, Francis Keutcha Tchouateu ("Petitioner") filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from federal detention. *See* Docket #1. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(b). *See* Docket #5.

        Petitioner had been detained after the Immigration and Naturalization Service ("INS") ordered him removed from the United States. Petitioner requested relief under 8 C.F.R. § 241.4(A) which provides for a discretionary release from custody under an order of supervision when the 90-day period following the order of removal has expired. On September 27, 2002, Respondent filed a motion to dismiss the petition on the basis that Petitioner's release from custody rendered the petition moot.[1] *See* Docket #8.

        A case becomes moot "'when the issues presented are no longer "live" or the parties "lack a legally cognizable interest in the outcome."'" *New York City Employees' Retirement*

---

[1] On September 18, 2002, the Headquarters for Post-Order Detention Unit of the INS concluded that Petitioner could be released from custody pending his removal from the United States. *See* Exhibit A to Respondent's Affidavit (Docket #6).

*System v. Dole Food Co., Inc.*, 969 F.2d 1430, 1433 (2d Cir. 1992) (quoting *Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989) (in turn quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*) and citing *Jefferson v. Abrams*, 747 F.2d 94, 96 (2d Cir. 1984)). When this occurs, the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied, and a federal court lacks subject matter jurisdiction over the action. *Dole Food Co.*, 969 F.2d at 1433 (citing *Blackwelder*, 866 F.2d at 550; *Jefferson*, 747 F.2d at 96). Because Petitioner has obtained the relief originally sought in his habeas corpus petition, namely, release from custody, the petition is now moot. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Therefore, Respondent's motion to dismiss the petition as moot is **GRANTED**. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   June 21, 2005
         Rochester, New York.